UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YASMEEN E. PUGH,<br><br>Plaintiff,<br>v.<br><br>TESLA,<br><br>Defendant. | Case No. 3:26-cv-00424-MMD-CLB<br><br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Yasmeen E. Pugh filed suit against her former employer, Defendant Tesla, under Title VII of the Civil Rights Act of 1964. (ECF No. 1-1 (“Complaint”).) Before the Court is the Report and Recommendation (“R&R”) of United States Magistrate Judge Carla L. Baldwin, recommending the Complaint be dismissed without prejudice and with leave to amend. (ECF No. 7.) Plaintiff had until July 13, 2026 to file an objection. (*Id.*) To date, no objection has been filed. As further explained below, the Court will adopt in part and reject in part the R&R. The Court dismisses Plaintiff’s racial discrimination claim with leave to amend but will allow Plaintiff’s retaliation claim to proceed.

## II. DISCUSSION

The Court “may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.” 28 U.S.C. § 636(b)(1). “De novo review of the magistrate judges’ findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.” *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) (emphasis in original). While the Court is not constitutionally or statutorily “require[d]” to review the current R&R de novo, it elects to do so here. *Id.* at 1121-22 (citation omitted).

Judge Baldwin broadly construes Plaintiff's Complaint[1] as alleging two separate Title VII claims: a hostile work environment racial discrimination claim and a retaliation claim. (ECF No. 7 at 3-9.) Judge Baldwin recommends dismissal of both claims with leave to amend. (*Id.*) The Court adopts the R&R as to the discrimination claim but rejects the R&R as to the retaliation claim.

The Court agrees with Judge Baldwin that the Complaint does not include sufficient allegations of a hostile work environment due to Plaintiff's race. (*Id.* at 4-7.) The single incident of race-related conduct Plaintiff alleges,[2] a white female colleague stating she did not want to work with Plaintiff, is not "sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Surrell v. Calif. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008) (citation omitted). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) do not amount to discriminatory changes in the terms and conditions of employment." *Best v. California Dept. of Corrections*, 21 Fed. Appx. 553, 556 (9th Cir. 2001) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1463 (9th Cir. 1994)). However, the Court agrees with Judge Baldwin that Plaintiff "could potentially amend her complaint to allege sufficient facts or an alternate cause of action under Title VII." (ECF No. 7 at 7); *see Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Court therefore adopts the R&R as to the hostile work environment racial discrimination claim, dismissing the claim without prejudice and with leave to amend.

---

[1]As Judge Baldwin correctly concludes, the Court is required to liberally construe Plaintiff's *pro se* Complaint. (ECF No. 7 at 3 (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).)

[2]As Judge Baldwin notes, Plaintiff did not include this allegation in her Complaint but rather in a separately filed declaration. (ECF No. 7 at 4 (citing ECF No. 4).) The Court finds Judge Baldwin properly incorporated these statements into the Complaint under the requirement that the Court liberally construe Plaintiff's *pro se* pleadings. (*Id.* (citing *Hughes*, 449 U.S. at 9).)

The Court rejects the R&R as to Plaintiff's retaliation claim. Title VII prohibits employers from taking adverse actions against employees due to their employees' engagement in activity protected under Title VII. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-3(a)).) "[I]nternal complaints constitute protected activity when a reasonable person would believe the conduct the complaint reports violates Title VII." *E.E.O.C. v. Tesla, Inc.*, 727 F. Supp. 3d 875, 893-94 (N.D. Cal. 2024) (citing *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963-64 (9th Cir. 2009)). Judge Baldwin concludes that Plaintiff's complaints to human resources about workplace conduct, including the incident with the white female coworker, do not qualify as protected activity because the reported conduct was "insufficient to support a discrimination claim under Title VII." (ECF No. 7 at 9.) But "a plaintiff does not need to prove that the employment practice at issue was in fact unlawful under Title VII. To establish the first element of a prima facie case, [Plaintiff] must only show that she had a 'reasonable belief' that the employment practice she protested was prohibited under Title VII." *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994). The Court finds that Plaintiff "would be justified in believing that Title VII would protect her." *Id.* Moreover, Plaintiff's firing the next month suggests a sufficient nexus between the protected activity and the adverse employment action taken against her, particularly under the applicable liberal pleadings standard. (ECF No. 1-1 at 9.) The Court finds at this preliminary screening stage, *pro se* Plaintiff sufficiently alleges a claim of retaliation under Title VII.

## III. CONCLUSION

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 7) is adopted in part and rejected in part.

It is further ordered that Plaintiff's Title VII hostile work environment racial discrimination claim is dismissed without prejudice and with leave to amend.

It is further ordered that Plaintiff's Title VII retaliation claim may proceed against Defendant.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of her hostile work environment claim outlined in this order, Plaintiff must file the first amended complaint within 30 days from the date of this order. Plaintiff is advised that an amended complaint replaces the original complaint and must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff's first amended complaint must contain all claims and factual allegations that Plaintiff wishes to pursue in this lawsuit, including the retaliation claim the Court allows to proceed. If Plaintiff chooses not to file an amended complaint within 30 days, this action will proceed immediately and only on her retaliation claim.

DATED THIS 24th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE