**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

YASMEEN E. PUGH,

Plaintiff,

v.

TESLA,

Defendant.

Case No. 3:26-CV-00424-MMD-CLB

**ORDER RE PLAINTIFF'S FIRST AMENDED COMPLAINT**

[ECF No. 9]

Plaintiff Yasmeen E. Pugh ("Pugh") initiated this action on June 4, 2026, by filing a motion to proceed *in forma pauperis* and civil rights complaint. (ECF Nos. 1, 1-1.) The Court screened Pugh's complaint pursuant to 28 U.S.C. § 1915A(a) and allowed her to proceed on a Title VII retaliation claim against Defendant Tesla. (ECF No. 8.) The Court also allowed Pugh to file an amended complaint curing the deficiencies of a Title VII hostile work environment claim within thirty days of the entry of the screening order. (*Id.* at 4.)

On July 30, 2026, Pugh filed a First Amended Complaint. (ECF No. 9.) However, this First Amended Complaint omits significant portions of the allegations that formed the basis of her original complaint, including the allegations that form the basis of the Title VII retaliation claim. (*Compare* ECF No. 9 *with* ECF No. 1-1.) Thus, this "First Amended Complaint" is incomplete and would eliminate the only claim currently proceeding in this case. Consequently, the Court finds that the original complaint, ECF No. 1-1, remains the operative complaint in this case.

Given Pugh's *pro se* status, the Court will *sua sponte* grant Pugh another opportunity to file an amended complaint. In the Court's Report and Recommendation, the Court specifically outlined the requirements for an amended complaint. The Court again cautions Pugh that an amended complaint supersedes (replaces) the complaint and, thus, the first amended complaint must be complete in itself. *See Hal Roach*

*Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. This means that if Pugh does not include the allegations relating to the Title VII retaliation claim in her amended complaint, she will no longer be able to bring that claim.

Pugh should clearly title the amended pleading as "Second Amended Complaint." For each Defendant and each claim, she must allege true facts sufficient to show that the Defendant violated her rights.

**IT IS THEREFORE ORDERED** that the operative complaint in this case is Pugh's original complaint, (ECF No. 1-1).

**IT IS FURTHER ORDERED** that if Pugh chooses to file a second amended complaint curing the deficiencies of her original complaint, (ECF No. 1-1), as outlined in the Court's Report and Recommendation, (ECF No. 7), and screening order, (ECF No. 8), Pugh should file the second amended complaint on or before **Monday, September 21, 2026**. If Pugh chooses not to file a first amended complaint curing the stated deficiencies, the case will proceed on the Title VII retaliation claim as alleged in Pugh's original complaint, (ECF No. 1-1).

**IT IS SO ORDERED**.

**DATED**: August 21, 2026.

**UNITED STATES MAGISTRATE JUDGE**